### BENJAMIN S. CLIFFORD *v.* JOSEPH C. PLUMER.

In trespass *quare clausum* against two defendants, one having died, his administrator appeared and joined in the defence, and judgment was rendered against them;—in a suit against the receipter of goods attached as the property of the surviving defendant, in the original suit, *held* that the receipter could not set up as a defence an irregularity, if any existed, in allowing the administrator to become a party; but that the regularity of that judgment could be enquired into only by proceedings instituted directly for that purpose.

TROVER, for 100 cords of wood.   Plea—the general issue.

By agreement of parties, the case was tried by the court, and  the following facts were found.   The action is brought by a deputy sheriff against a receipter of property attached.   The receipt was given Nov. 6, 1857, and is for one hundred cords of wood valued at $300, attached by plaintiff in the suit, *Samuel Plumer, Jr.* v. *John H. Prescott & Samuel Prescott*, which was an action of trespass *quare clausum*, writ dated Nov. 5, 1857, returnable April, 1858.   Judgment was rendered April 26, 1862 for plaintiff for

$18.00—damages,
154.82—costs,

172.82
.17—ex'on.

No question was made by defendant in this case as to the issuing and delivery of the execution, and demand upon him.

Samuel Prescott died in Jan. 1858 ; his administrator came in and defended, in the action *Plumer* v. *Prescott & al.*, Jan. Term, 1861, and thereafter the action was referred to an auditor to assess damages.

The execution was against John H. Prescott, and the goods in the hands of the administrator of Samuel Prescott.   The wood attached by plaintiff and receipted for by defendant, was the property of John H. Prescott.   The defendant never had possession of the wood, and by his consent it was disposed of by John H. Prescott.

The defendant claimed that the action, *Plumer* v. *Prescott & a.*, did not survive against Samuel Prescott or his administrator, and that consequently this action could not be maintained.

C. *H. Bell*, for plaintiff.

*Wood*, for defendant.

BELLOWS, J.   We are of the opinion, that the judgment in this case could not be impeached by the defendant in this proceeding, even if the administrator of Samuel Prescott was erroneously admitted to defend ; but the error should have been taken advantage of by proceedings directly instituted for that purpose—either by the summary proceedings of a bill of exceptions, or by writ of error—the latter, however, not being applicable where resort might be had to the former.  *Nichols* v. *Smith*,

26 N. H. 298; *Peebles* v. *Rand*, 43 N. H. 337; *Flanders* v. *Bank*, 43 N. H. 383.

Therefore, as the judgment must be taken to be valid, as the case now stands, there must be

*Judgment for the plaintiff.*